FILED
CLERK, U.S. DISTRICT COURT

4/30/18

CENTRAL DISTRICT OF CALIFORNIA
BY:     LB     DEPUTY



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JS-6

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 17-00114 AG |
| Plaintiff-Appellee, | M.J. No.: CC 37-3678865 |
| v. | MEMORANDUM |
| DANIEL VALENTIN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Louise A. LaMothe, Magistrate Judge, Presiding

Argued and Submitted March 28, 2018
Santa Ana, California

Filed April 30, 2018

Before: GUILFORD, District Judge.

1

Defendant-Appellant Daniel Valentin appeals his criminal conviction and sentence in the magistrate court, challenging among other things the decision of the magistrate judge to grant a request for judicial notice submitted by the government. This Court has jurisdiction under 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2)(B).

Somewhere outside the Sunkist Gate at Port Hueneme Naval Base on May 13, 2016, police officers of the Naval Base Ventura County issued Valentin a citation for driving under the influence in violation of the Assimilative Crimes Act (or "ACA"), 18 U.S.C. § 13, a misdemeanor. One of the elements of the prosecution's case under the ACA was proving that Valentin's allegedly illegal conduct took place within "the special maritime and territorial jurisdiction of the United States." *See* 18 U.S.C. § 13(a)–(b)(1); 18 U.S.C. § 7.

Valentin's case was assigned in the first instance to the magistrate court. On the morning of Valentin's trial, at the government's request and over the defense's objections, the magistrate judge "took judicial notice that" three government exhibits, two illegible documents from 1942 and a 2008 map of unknown source, "show that jurisdiction of Port Hueneme, Naval Base Ventura County is 'partial' and therefore, Port Hueneme, Naval Base Ventura County is within the special territorial jurisdiction of the United States" under Federal Rule of Evidence 201(b)(2). (*See* Dkt. No. 22-1 at ER 149–50; Dkt. No. 25-1 at GER 3–4.)

Following the hearing on the request for judicial notice and other preliminary matters, the magistrate judge held a bench trial, ultimately finding Valentin guilty of driving under the influence in violation of the ACA, 18 U.S.C. § 13, and California Vehicle Code § 23152(b). The judgment, stating conviction and sentence, was entered on February 23, 2017. Valentin filed a timely notice of appeal.

When reviewing a trial court's evidentiary rulings, "the selection of the applicable standard of review is contextual: The de novo standard applies when issues of law predominate in the district court's evidentiary analysis, and the abuse-of-discretion standard applies when the inquiry is essentially factual." *United States v. Fryberg*, 854 F.3d 1126, 1130 (9th Cir. 2017) (citing *United States v. Mateo-Mendez*, 215 F.3d 1039, 1042 (9th Cir. 2000)). Even when an abuse of discretion standard applies, a trial court "abuses its discretion by erroneously interpreting the law." *United States v. Beltran-Gutierrez*, 19 F.3d 1287, 1289 (9th Cir. 1994). The trial court's interpretation of the law is reviewed de novo. *Id.* (citing *United States v. Sanchez-Robles*, 927 F.2d 1070, 1077 (9th Cir. 1991)). Here, under either the abuse of discretion or de novo standard, the Court concludes that the magistrate judge's decision to grant the government's request for judicial notice was reversible error for many reasons.

To begin, Federal Rule of Evidence 201(b) applies only to *facts*. The specific type of federal jurisdiction that may or may not exist over a specific area is a question of law, particularly when one type of jurisdiction is supposed to be inferred from another, and particularly when the parties dispute the type and limits of the relevant jurisdiction. This conclusion is still true when, as here, there is also a factual question about the boundaries of jurisdiction are involved.

Next, although the government's request was brought under Rule 201(b)(2), it didn't present facts that could "be accurately and readily determined." Two of the three documents supporting the request were illegible copies of documents from 1942, whose supposed contents really came from the declaration of a prosecuting attorney. And the meaning of the third document was unclear. Even assuming that the magistrate court received a better copy of the 2008 map than this Court did, and could accurately determine what the different map colors were supposed to be, a 2008 jurisdictional map doesn't necessarily show the 2017 jurisdictional boundaries. Further, the government exhibits weren't "sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2). The declaration of a prosecuting attorney states that the 1942 documents came from a California government employee, but says nothing about how those documents were kept, or where or in what capacity the employee found them. And no

information whatsoever was provided regarding the source of the 2008 map, whether supposedly public or not.

Next, the government's request wasn't appropriate under Rule 201(b)(1) either. The specific type of federal jurisdiction that may apply over Port Hueneme and how far that jurisdiction stretches cannot be said to be "generally known within the trial court's territorial jurisdiction." *See* Fed. R. Evid. 201(b)(1). The lengthy legal brief that supported the government's request shows that those facts are not generally known, and that they're complicated. Further, since the enactment of 40 U.S.C. § 255 in 1940 (now codified at 40 U.S.C. § 3112), it is "conclusively presumed" that the United States has *not* accepted any form of criminal jurisdiction over federal lands within state boundaries and offered by a state, until a United States official "indicate[s] acceptance of jurisdiction on behalf of the [United States] Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated." 40 U.S.C. § 3112(b)–(c); *see also United States v. Goodwin*, 927 F. Supp. 2d 807, 810 (D. Ariz. 2013).

Finally, the magistrate court could not grant a request for judicial notice simply because it had granted an identical request in another case. That's not a basis for judicial notice under Rule 201(b). Nor does it matter whether the magistrate judge's experience in past cases may have granted the judge some

special knowledge in this area. *See United States v. Berber-Tinoco*, 510 F.3d 1083, 1091 (9th Cir. 2007) (citing *United States v. Lewis*, 833 F.2d 1380, 1385 (9th Cir. 1987) and Fed. R. Evid. 605) ("A trial judge is not a competent witness to such factual issues."). The practice of judicial notice should be particularly restrained in criminal court proceedings. *See* Fed. R. Evid. 201(f) (Unlike in a civil case, in a criminal jury trial, "the court must instruct the jury that it may or may not accept the noticed fact as conclusive."); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992) (finding the practice of judicial notice "broader in administrative proceedings" than in court proceedings, where it "is quite restricted.").

The magistrate court improperly granted a request for judicial notice affecting an entire element of the prosecution's case. That was not harmless error. The decision below is reversed and this case is remanded to the magistrate court for further proceedings consistent with this decision.

**REVERSED and REMANDED.**